CLD-207                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1442
_____

ANIBAL SOLER,
                                        Appellant

v.

RICARDO MARTINEZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:10-cv-02554)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: July 7, 2011)
_____

OPINION
_____

PER CURIAM

Anibal Soler appeals from the District Court's order dismissing his habeas petition

filed under 28 U.S.C. § 2241.  For the following reasons, we will summarily affirm the

District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Soler, a prisoner at the United States Penitentiary at Allenwood ("USP Allenwood") in White Deer, Pennsylvania, was convicted in 2000 in the United States District Court for the District of Massachusetts of distribution of heroin resulting in death, and related drug crimes. He was sentenced to life imprisonment. Soler appealed, and the First Circuit Court of Appeals affirmed Soler's convictions as to Counts 1, 3, and 5, but reversed his convictions as to Counts 2 and 4. See United States v. Soler, 275 F.3d 146 (1st Cir. 2002). Soler later filed a petition for writ of certiorari with the Supreme Court that was denied. In 2010, he filed a motion with the First Circuit Court of Appeals to recall the mandate. The motion was denied. Based on the record, it appears that Soler never filed any post-conviction motions in the Massachusetts District Court.

In December 2010, Soler filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, the district in which he is currently confined at USP Allenwood. In his § 2241 petition, Soler alleged that trial counsel was ineffective and that Soler was convicted on insufficient evidence. The District Court sua sponte dismissed the petition, and Soler filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

A federal prisoner challenging the validity of his conviction or sentence, as Soler does here, generally must pursue collateral relief under § 2255 in the district court that imposed his sentence. See 28 U.S.C. § 2255(a). However, case law has established a

2

narrow exception to the general rule, and allows a prisoner to file a § 2241 petition in the district of confinement if "a § 2255 motion would be 'inadequate or ineffective[.]'" Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

We agree with the District Court that Soler has not demonstrated that a § 2255 motion provides inadequate or ineffective means to raise his claims. Soler's argument appears to be that because he is a seventy-five year old, non-English speaking Puerto Rican who lacks formal education beyond the first grade, he should be excused from not timely filing a § 2255 motion in the Massachusetts District Court. Although some delay in filing a post-conviction motion is understandable given Soler's unfamiliarity with English and his lack of education, that alone does not place Soler's case in the narrow class of exceptions that would allow him to file a § 2241 petition.

Based on the above, the District Court properly dismissed Soler's § 2241 petition. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.